1  Robert Stempler (CA Bar No. 160299)
2  Robert@stopcollectionharassment.com
3  CONSUMER LAW OFFICE OF ROBERT STEMPLER APLC
   555 S. Sunrise Way, Suite 200
4  Palm Springs, CA 92264
5  (760) 422-2200
   (760) 479-5957 *facsimile*
6
7  Counsel for Plaintiff Mathew Donaca

8

9

10            **UNITED STATES DISTRICT COURT**
11            **CENTRAL DISTRICT OF CALIFORNIA**

12  MATTHEW DONACA, individually          Case No. LACV11-5859 PSG (CWx)
13  and on behalf of all others similarly
    situated,
14
15         Plaintiff,                      COMPLAINT FOR DAMAGES,
                                           INJUNCTIVE AND
16                                         DECLARATORY RELIEF
17  vs.                                    CLASS ACTION
18  DISH NETWORK, L.L.C.,                  (Violation of the Telephone
19                                         Consumer Protection Act)
20         Defendant.
21                                         BY FAX
22

23     1.     This court has original jurisdiction under 28 U.S.C.
24
25  § 1332(d)(2)(a) (2010), because the matter in controversy is believed
26  to exceed the sum or value of $5,000,000 for the class, exclusive of
27
28  interests and costs, and is a class action in which a member of the

468763.a01

Plaintiff class is a citizen of a state different from the Defendant.  The district court also has federal question jurisdiction over these claims under 28 U.S.C. § 1331 (2010).

## I. Preliminary Statement

2.     Twenty years ago, Congress recognized that unsolicited telemarketing calls are a common nuisance and an unreasonable intrusion on citizens' privacy, and enacted the Telephone Consumer Protection Act of 1991, or TCPA, to regulate telemarketing.  Among other things, the TCPA prohibits telemarketing calls to persons and entities who list their telephone numbers on the national Do Not Call Registry, prohibits telemarketers from placing unsolicited pre-recorded phone messages, and prohibits all pre-recorded calls to cellular phones without express written consent.

3.     The TCPA places responsibility for violations not only on businesses that *place* unlawful calls, but also on businesses *on whose behalf* the calls are made.

4.     Here, Defendant Dish Network, L.L.C., through its authorized retailers acting on its behalf, made more than a dozen unlawful telemarketing calls to Plaintiff Matthew Donaca, and made scores of similar calls to consumers nationwide.  Defendant Dish has

-2-

468763.a01

profited from these unlawful calls, and is liable for them under the TCPA.  Mr. Donaca brings this action individually and on behalf of a class to enforce federal law and recover statutory damages for the Defendant's violations.

## II.  Parties

5.     Plaintiff Matthew Donaca resides in Venice, California.

6.     Defendant Dish Network, L.L.C. is a Colorado limited liability company organized for profit, which has its principal place of business at 9601 S. Meridian Blvd., Englewood, Colorado 80122.

## III.  The Legal Basis for the Complaint

### *The TCPA regulates the telemarketing at issue in this case*

7.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

8.     In 1995, under its authority to adopt rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the

-3-

468763.a01

telemarketing act, 15 U.S.C. §§ 6101-6108 (2010), the FTC adopted the telemarketing sales rule, 16 C.F.R. § 310 (2010), which was later amended in 2003.  Among other things, the amended TSR established a "Do Not Call Registry."  The Registry lists the telephone numbers of consumers who have informed the FTC that they do not wish to receive certain types of telemarketing calls.

9.     The TCPA prohibits persons or entities from initiating telephone solicitations to registered telephone subscribers.  47 U.S.C. § 227(c) (2010); 47 C.F.R. § 64.1200(c) (2010).  A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages.  47 U.S.C. § 227(c)(5) (2010).

10.     The TCPA further prohibits the use of an unsolicited pre-recorded phone message to residential homes to advertise the sale of goods and services.  47 U.S.C. § 227(b)(1)(b) (2010); 47 C.F.R. § 64.1200 (2010).

11.     It is also a violation of the TCPA to call a person's cellular telephone using an automatic telephone dialing system or

-4-

468763.a01

prerecorded or artificial voice message.  47 U.S.C. § 227(b)(1)(a)(iii) (2010).

12.    Federal regulations also require that companies making telemarketing calls provide or volunteer a phone number or address for their company at any point during the call.  Failure to do so is a violation of 47 C.F.R. § 64.1200(d)(4) (2010).

### TCPA "on behalf of" liability

13.    Under the TCPA, a person or entity can be liable for calls made on its behalf, even if the person or entity does not directly place the calls.  47 U.S.C. § 227 (c)(5) (2010).

14.    As explained by the FCC, the agency charged with interpreting and enforcing the TCPA, the applicable rules "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."  *See* 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

15.    The FCC reiterated this principle in 2005, when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules and calls placed by a third party on behalf of that company are

-5-

468763.a01

treated as if the company itself placed the call." *See* 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

## IV.   The Factual Basis for the Complaint

### *Dish markets through its retailers, and profits from its retailers' illegal telemarketing*

16.    Dish sells Dish network satellite television programming to consumers throughout the United States.

17.    Dish markets its programming to consumers through a network of retailers.

18.    Dish relies on its retailers, in large part, to generate new customers for Dish.

19.    Dish delegates to retailers the responsibility to advertise Dish services through a variety of marketing methods, including telemarketing.

20.    Dish allows its retailers to market on behalf of and to use the Dish trade name and logo in conducting telemarketing on behalf of Dish.

21.    Dish's retailers hold themselves out to the public as engaged in telemarketing on behalf of Dish.

22.    Dish, however, maintains sole discretion to set the price for programming offered to consumers, to determine the type of

-6-

468763.a01

programming offered to consumers, and to determine which proposed orders solicited by retailers will be accepted.

23.     Dish compensates its retailers whose marketing efforts generate new customers that are ultimately accepted and approved by Dish.

24.     Dish maintains the right to terminate or discipline its retailers.

25.     Dish is engaged in a partnership with its retailers.

26.     Dish is engaged in a contractual association with its retailers, to carry out a single business enterprise for profit.

27.     To carry out this partnership and joint venture, Dish and its retailers combined their property, money, effects, skill and knowledge.

28.     In the course of its partnership or joint venture, Dish delegated authority to market its products to its retailers.

### Dish Network and its retailers have been fined and charged with illegal telemarketing

29.     For many years, consumers complained directly to Dish, and to the Federal Trade Commission, that Dish retailers were engaging in telemarketing in violation of the TCPA.

468763.a01

30.     In July of 2009, Dish entered into an "assurance of voluntary compliance" with the attorneys general of 48 states (the "AG settlement agreement").

31.     The AG settlement agreement included allegations of unlawful telemarketing being conducted on Dish's behalf.

32.     As stated in the AG settlement agreement, Dish controls the conduct, practices and procedures of its retailers:

- through its Dish Network Retailer Agreement;

- through "Business Rules" that are established by Dish Network and must be followed by retailers;

- through training that Dish Network provides to its retailers;

- by requiring retailers to take all actions and refrain from taking any action as reasonably requested by Dish Network in connection with marketing, advertising, promotion and/or solicitation or orders;

- by requiring retailers to market, promote and describe Dish products and services in a manner approved by Dish;

- by setting all processes for its programming and related promotions and limiting its retailers' ability to offer and sell other goods and services to Dish customers; and

- by requiring retailers to use Dish's trademarks, logos and service marks in connection with the retail sale of Dish services and otherwise controlling their appearance and conduct when interacting with consumers.

-8-

468763.a01

33.     Also in 2009, the Federal Trade Commission and the States of California, Illinois, Ohio and North Carolina filed suit against Dish for telemarketing to consumers whose phone numbers were listed on the Do Not Call Registry, and for telemarketing via pre-recorded message.  *See United States v. Dish Network, LLC,* 667 F. Supp. 2d. 952 (C.D. Ill. 2009) (denying Dish's motion to dismiss and holding that Dish may be liable under the TCPA for the actions of its telemarketers).

34.     Dish knew or should have known that its retailers were engaging in telemarketing via auto-dialer and/or pre-recorded message to residential homes and cell phones.

35.     Dish knew or should have known that its retailers were engaged in repeated telemarketing to consumers whose phone numbers were listed on the Do Not Call Registry.

36.     Even after Dish became aware that its retailers were engaged in telemarketing via auto-dialer or pre-recorded message, it failed to take sufficient action to end such conduct.

37.     By failing to act after having knowledge of such conduct, Dish ratified illegal telemarketing conducted on its behalf by its retailers.

468763.a01

*Dish Network and its retailers made*
*numerous unlawful calls to the Plaintiff*

38.    On January 13, 2006, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "First Call"), that was made by a Dish retailer called Dish One Satellite, with a principal place of business in American Fork, Utah.

39.    On January 13, 2006, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Second Call") from a Dish retailer called American Satellite, with a principal place of business in San Diego, California.

40.    On January 24, 2006, Mr. Donaca listed his residential phone number ((xxx) xxx-1707) on the Do Not Call Registry.

41.    On October 5, 2006, Mr. Donaca received, at his residence, a live telemarketing call on behalf of Dish (the "Third Call") from a Dish representative named Rozz Tylor who stated she was calling from the Dish sales office in Glendale, California.

42.    On November 6, 2006, Mr. Donaca wrote to Dish, informed it of the illegal telemarketing calls at issue, and requested that his residential phone number be added to Dish's internal Do Not Call Registry.

468763.ao1

43.    On June 4, 2007, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Fourth Call"). Mr. Donaca was then transferred to a Dish representative named "Dave," who quickly hung up on Mr. Donaca.

44.    On August 5, 2007, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Fifth Call"). The fifth call was made by a Dish retailer named Satellite Prospector Corporation in Monterey Park, California.

45.    On August 6, 2007, Mr. Donaca received, at his residence, a live telemarketing call on behalf of Dish (the "Sixth Call").  The sixth call was made by Satellite Prospector Corporation.

46.    During the sixth call, Mr. Donaca made a "do not call" request to a Dish retailer manager, named Anna Lo.

47.    On October 25, 2007, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Seventh Call").  The seventh call was made by a Dish retailer named Apex Satellite, Inc. in Irvine, California.

48.    On November 16, 2007, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Eighth Call").  The eighth call was made by Apex Satellite, Inc.

-11-

468763.a01

49.     On July 30, 2008, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Ninth Call"). The ninth call was transferred to a representative named Ian who stated several times that he was calling from Dish, but then terminated the ninth call without making further disclosure.

50.     On July 31, 2008, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Tenth Call"). The tenth call was transferred to Dish retailer Satellite Sales in Portland, Oregon.  Mr. Donaca spoke with a manager by the name of Michael Heen who admitted that Satellite Sales was a Dish retailer. Mr. Donaca, again, made a "do not call" request.

51.     On August 8, 2008, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Eleventh Call").  The caller ID for the Eleventh Call was (310) 599-5750.  The eleventh call was transferred to a representative named Blaire who hung up on Mr. Donaca without making further disclosure.

52.     On August 10, 2008, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Twelfth Call").  The caller ID for the Twelfth Call was (978) 570-

-12-

468763.a01

2310.  The Twelfth Call was transferred to a representative named Melissa with a Dish retailer named Clear Interactive, LLC, in Aliso Viejo, California.  During the Twelfth Call, Mr. Donaca, again, made a "do not call" request and, again, instructed that such request be forwarded to Dish.

53.     On September 3, 2008, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Thirteenth Call").  The caller ID for the Thirteenth Call was (978) 570-2310.  The Thirteenth Call was transferred to a representative named Tyrone Brown with Clear Interactive, LLC.  When Mr. Donaca inquired as to the name of the retailer making the Thirteenth Call, Mr. Brown became abusive.

54.     On March 20, 2009, Mr. Donaca received, at his residence, a live telemarketing call on behalf of Dish (the "Fourteenth Call").  The caller ID for the Fourteenth call was (315) 633-4313.  The Fourteenth call was transferred to a retailer named Gemini Wireless/Satellite Services whose representative informed Mr. Donaca that it was a Dish retailer, with a contact number at (877) 268-9067.  The (877) phone number provided to Mr. Donaca links to a retailer named Dish Promotions, of Jacksonville, Florida.

468763.a01

55.     On March 24, 2009, Mr. Donaca received, at his residence, a live telemarketing call (the "Fifteenth call") from caller ID (315) 633-4313.  This caller ID was identical to the caller ID for the Fourteenth call which was tracked to Gemini Wireless/Satellite Services.

56.     On March 25, 2009, Mr. Donaca received, at his residence, a live telemarketing call (the "Sixteenth call") from caller ID (315) 633-4313.  This caller ID was identical to the caller ID for the Fourteenth and Fifteenth calls that were tracked to Dish.  In an effort to identify the source of the Sixteenth call, Mr. Donaca dialed (315) 633-4313 and the message that answered the phone self-identified it as "Satellite Services," and further disclosed that Satellite Services is a retailer for Dish network.

57.     Mr. Donaca did not give Dish or any Dish retailer prior express consent to contact him at any time.

58.     At no time did Mr. Donaca have an established business relationship with Dish or any Dish retailer.

-14-

468763.a01

# V. Class Action Allegations

59. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

60. Upon information and belief, over the past four years, Dish and/or its retailers or authorized agents, have engaged in widespread advertising via unsolicited prerecorded telemarketing calls and auto-dialer use in violation of the TCPA.

61. Upon information and belief, over the past four years, Dish and/or its retailers or authorized agents, have engaged in widespread advertising via unsolicited prerecorded telemarketing calls and auto-dialer use, to cell phones, in violation of the TCPA.

62. Upon information and belief, over the past four years, Dish and/or its retailers or authorized agents, have engaged in widespread and repeated telemarketing to consumers whose residential phone numbers are listed on the Do Not Call Registry, in violation of the TCPA.

63. Upon information and belief, over the past several years, Dish and/or its retailers or authorized agents, have transmitted illegal

468763.a01

calls to hundreds of thousands, if not millions, of consumers throughout the United States.

64.    Upon information and belief, neither Dish nor its retailers or authorized agents obtained the consent of recipients prior to the transmission of telemarketing calls.

65.    Upon information and belief, neither Dish nor its retailers obtained written consent to transmit telemarketing calls to consumers whose residential phone numbers were registered on the Do Not Call Registry.

66.    The class of persons Plaintiff proposes to represent is defined as all persons or entities within the United States who Dish either directly, or through its retailers or authorized agents, sent, or caused to be sent, unsolicited telemarketing calls promoting Dish's goods or services, at any time within the four years prior to the filing of the instant complaint.

67.    The class as defined above is identifiable by phone records and phone number databases used by Dish or its agents in transmitting its unsolicited prerecorded telemarketing calls.

468763.a01

68.     On information and belief, the potential class members number in the hundreds of thousands and constitutes a class so numerous that joinder of all class members is impracticable.

69.     Plaintiff is a member of the class.

70.     There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a.      Whether Dish violated the TCPA by engaging in advertising by unsolicited prerecorded telemarketing calls.

b.      Whether Dish violated the TCPA by engaging in advertising by unsolicited prerecorded telemarketing calls to consumers' cell phones.

c.      Whether Dish violated the TCPA by making repeated telemarketing calls to residential phone numbers listed on the Do Not Call Registry.

d.      Whether the telemarketing calls at issue were initiated by Dish or were made on behalf of Dish as those terms have been interpreted by the TCPA and the FCC.

e.      Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Dish's actions.

71.     Plaintiff's claims are typical of the claims of the class.

-17-

468763.ao1

72.    Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

73.    The actions of Dish are generally applicable to the class as a whole and to the Plaintiff and the class.

74.    Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Dish and/or its agents.

75.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and because class members are unlikely to know that their rights have been violated.

76.    Mr. Donaca is capable of representing and is willing to represent the other members of the class.

-18-

468763.a01

# VI.  Legal Claims

## Count One:

### Telemarketing in violation of the TCPA through pre-recorded telemarketing calls

77.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

78.    Dish, either directly or through its retailers and authorized agents, negligently and/or knowingly caused pre-recorded telemarketing solicitations to be sent to Plaintiff's home, and to the homes or cell-phones of other members of the class, in violation of the TCPA and FCC regulations.

## Count Two:

### Telemarketing in violation of the TCPA through calls to persons and entities on the Do Not Call Registry

79.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

80.    Dish, either directly or through its retailers or authorized agents, negligently and/or knowingly caused multiple telemarketing solicitations to be sent to Plaintiff's home, and to the homes or cell-phones of other members of the class, whose residential or cell-phone

-19-

468763.a01

numbers were listed on the Do Not Call Registry, in violation of the TCPA and FCC regulations.

## Count Three:

### Injunctive relief to bar future TCPA violations

81.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

82.     The TCPA expressly authorizes injunctive relief to prevent further violations of its provisions.

83.     The Plaintiff respectfully requests that this Court order the Defendant, its employees, retailers, agents and independent distributors, to immediately cease engaging in telemarketing in violation of the TCPA.

## Count Four:

### Injunctive relief to preserve evidence

84.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

85.     Dish or its agents have custody and control of the business records and other information necessary to identify the members of the class, including names and telephone numbers. Unless immediate injunctive relief is ordered, it is feared that the

-20-

468763.a01

Defendant or its agents will alter, erase, delete, destroy or otherwise dispose of the records in their possession that are necessary to identify recipients of the pre-recorded messages sent by Dish or on behalf of Dish.

86.    For this reason, the Plaintiff respectfully requests the court enter an order enjoining Dish and its agents, or anyone acting on their behalf, from altering, deleting or destroying any documents or records that could be used to identify the members of the class.

## VII. Relief Sought

On behalf of himself and all class members, Plaintiff requests the following relief:

1.    That the Court grant class certification as proposed above;

2.    For negligent violations of the TCPA, a $500 penalty awarded to the Plaintiff and each class member for each telemarketing call made by or on behalf of the Defendant;

3.    For knowing violations of the TCPA, a $1500 penalty awarded to the Plaintiff and each class member for each telemarketing call made by or on behalf of the Defendant;

4.    That the Court award the injunctive relief requested above; and

-21-

468763.a01

5.     That the Plaintiff and class members be granted such other and further relief as is just and equitable under the circumstances.

**Jury trial demanded.**

_____

Robert Stempler
Counsel for Matthew Donaca

468763.ao1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV11- 5859 PSG (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (If a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Robert Stempler, Cal. Bar No. 160299
Email: Robert@StopTheCase.com
Consumer Law Office of Robert Stempler, APLC
P.O. Box 1721
Palm Springs, CA 92263-1721
Telephone (760) 422-2200; Fax: (760) 479-5957

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DONACA, individually and on behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>DISH NETWORK, L.L.C.,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**LACV11-5859** PSG(CWx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): DISH NETWORK, L.L.C.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Robert Stempler _____, whose address is P.O. Box 1721; Palm Springs CA 92263-1721 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   JUL 1 5 2011

By: _____
SUSANA P. BUSTAMANTE
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                   SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MATTHEW DONACA, individually and on behalf of all others similarly situated, | DISH NETWORK, L.L.C. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robert Stempler, Telephone (760) 422-2200 Consumer Law Office of Robert Stempler, APLC P.O. Box 1721; Palm Springs CA 92263-1721 | BY FAX |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ To be determined.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Telephone Consumer Protection Act, 15 U.S.C. §§ 6101-6108

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land ☐ 245 Tort Product Liability | | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV 11-5859

**FOR OFFICE USE ONLY:**   Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                CIVIL COVER SHEET                                Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Colorado State |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date July 15, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |